IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD DeSERVI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 14 C 3881 |
| vs. | ) |
| | ) Hon. Harry D. Leinenweber |
| ROBINZINA BRYANT, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME**

NOW COMES Ronald DeServi, the Plaintiff in the above-captioned case, by and through his attorneys, J. D. Obenberger and Associates, and in opposition to the Defendants' motion under Rule 6(b) for enlargement of time in which to respond to the complaint states as follows:

1. The Plaintiff filed this action on May 27, 2014; and the Defendants were served between June 2 and June 8, 2014. On June 26, the Defendants appeared and they have moved for an enlargement of time in which to answer or otherwise respond to the complaint.

2. The Plaintiff is compelled to take issue with the Defendants' casual allegation that the requested delay will not "prejudice Plaintiff." While a delay in the Defendants' response to the complaint will not likely interfere with his ability to litigate this case, it will unavoidably prejudice him by extending the Defendants' interference with his right to carry arms outside of his home and away from his place of business on the sole ground that the the Defendants' denied him a license under the Illinois Firearm Concealed Carry Act (IFCCA) *without any* notice or opportunity to heard concerning an objection which had apparently been made to his license application.

3. The additional delay now requested in this case would only add to the very long delay which has already been imposed upon the Plaintiff in his desire to exercise critical aspects of his Second Amendment rights. As of the date of presentment of the instant motion:

It has been **567 days** since the Seventh Circuit recognized the rights at issue here;

It has been **391 days** since the General Assembly enacted the IFCCA.

It has been **357 days** since the IFCCA was passed over the Governor's veto.

It has been **177 days** since citizens could first apply for a license under the IFCCA.

It has been **177 days** since the Plaintiff's application for a license under the IFCCA.

It has been **104 days** since the Defendants denied the Plaintiffs license application *ex parte*.

It has been **35 days** since the Plaintiff filed his complaint in this case.

It has been **23 days** since the last Defendant was served in this case.

In all of this time, the Plaintiff has yet to be heard *at all*. In cases involving any other right protected to individuals by the text of the Bill of Rights, such delays would be intolerable. *E.g. Elrod v. Burns*, 427 U.S. 347, 376 (1976)(plurality opinion)("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"); *cf. Ezell v. City of Chicago*, 651 F.3d 684, 706-709 (7th Cir. 2011)(considering First Amendment jurisprudence in articulating Second Amendment test).

4. The Plaintiff's constitutional right to carry firearms for self-protection outside the home and away from his place of business is not in dispute here. It has been squarely settled in this jurisdiction. *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012). The facts underlying this litigation—the procedures used to evaluate the Plaintiff's license application and the Defendant's denial thereof—are not at all complex and not likely to be disputed. This litigation likely presents almost pure questions of law concerning the Defendants' own licensing scheme. The Defendants

thus have no need for extensive factual investigation before answering or otherwise responding to the complaint.

5. The Plaintiff would ordinarily be happy to reasonably accommodate the needs and plans of Defendants' counsel, but must respectfully object to a 30 day enlargement of time while he waits to exercise critical rights under the Second Amendment or, at the very least, to be notified of and heard concerning any objections which may have been raised to his exercise of the same.

WHEREFORE the Plaintiff respectfully requests that this Court deny the Defendants an addition 30 days in which to answer or otherwise respond to the complaint in this case.

        Respectfully submitted,
        SETH GHANTOUS

        s/ J. D. Obenberger
By:_____
        J.D. Obenberger, Esq.
        Counsel for Plaintiff

        s/ Reed Lee
and:_____
        Reed Lee. Esq.
        Co-counsel for Plaintiff

Of Counsel:

J. D. Obenberger and Associates
115 South LaSalle Street
Suite 2600
Chicago, Illinois 60603

(312) 558-6427

**Certificate of Service**

I certify that, on June 27, 2014, I caused a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendants' Motion for Enlargement of Time to be served on all counsel of record in the above-captioned case through the electronic case filing system maintained by the United States District Court for the Northern District of Illinois, in accordance with the rules of that Court concerning the electronic filing of documents.

                                                s/ Reed Lee
                                                _____

                                                Reed Lee,
                                                Co-Counsel for Plaintiff