# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONALD DeSERVI, | |
| Plaintiff, | Case No. 14 C 3881 |
| v. | Judge Harry D. Leinenweber |
| ROBINZINA BRYANT, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Plaintiff originally filed a two-count Complaint against the Illinois Concealed Carry Licensing Review Board (the "Board") alleging, in Count I, that the procedures employed by the Board in carrying out its duties in considering applications to obtain concealed carry licenses violated his due process rights, and, in Count II, that the act itself was unconstitutional, both facially and as applied, as a prior restraint.

The Plaintiff had filed an application for a license but was turned down by the Board. Instead of filing for administrative review of this denial, Plaintiff filed suit in this Court. This Court denied the Defendants' Motion to Dismiss as to Count I, but granted the Motion with respect to Count II.

The Motion to Dismiss Count I was denied on the basis that the procedures adopted by the Board did not provide adequate notice of an objection to licensure and did not provide an opportunity for the applicant to respond to the objection and thus ran afoul of the due process clause.  The Court dismissed Count II on the basis that the prior restraint analysis urged by Plaintiff did not extend to deprivations under the Second Amendment.

After the Court decided the Motion to Dismiss, the Board adopted amendments to its administrative rules so as to provide notice to the applicant of the name of the objector, the basis of the objection, and an opportunity to file a response.  The Plaintiff did not re-file for a license under the new rules but instead filed this Amended Complaint.  His new Complaint now pleads five counts:  Count I, violation of his due process rights for lack of a meaningful opportunity to be heard; Count II, violation of his due process due to insufficient burden of proof to sustain a denial of a license; Count III, failure to issue adequately reasoned opinions in recommending denial of a license; Count IV, redundancy and excessive burden because the law already provides for the revocation of the FOID card; and Count V, the Board is biased in favor law enforcement objectors.  Defendants have responded to the Amended Complaint

by filing a Motion to Dismiss under Rule 12(b)(1) for lack of jurisdiction and Rule 12(b)(6) for failure to state a claim.

## II. DISCUSSION

### A. The Jurisdictional Objection

Defendants contend that the Plaintiff's claim is moot because he did not re-apply after the Board amended its rules and the rules of which he complains no longer exist and he only seeks declaratory and injunctive relief. Defendants cite *Burbank v. Twomey,* 520 F.2d 744, 747-48 (7th Cir. 1975), in which the Seventh Circuit held that where the Illinois Department of Corrections formally adopted a new regulation seeking to respond to a plaintiff's objection to the former regulation, the cessation of the alleged unconstitutional conduct mooted the case. Without evidence that the state agency had in the past adopted new regulations when faced with legal challenges and subsequently reverted back to the old procedure after the case was dismissed, the possibility that the challenged practice will be resurrected "is purely a speculative contingency." *Id.*

Plaintiff responds to this mootness claim by contending that the amended regulations do not respond to his original Complaint. He claims that, in at least two applications filed under the new administrative regulations, the Circuit Court of

Cook County in administrative review of denials saw fit to send the cases back to the Board for more detailed findings. Thus, he claims, the Board continues to deny procedural due process so that this case is not moot. He cites *Northeastern Florida Chapter, AGCA v. City of Jacksonville,* 508 U.S. 656, 662 (1993). In *Jacksonville,* after the Supreme Court granted *certiorari* to review its set aside ordinance, Jacksonville amended its ordinance but in an insignificant way. Since the new ordinance disadvantaged the plaintiffs in the same way as the old, the issue was not moot.

Plaintiff's due process claim was upheld by this Court on the basis that, under the then existing administrative rules, he was not entitled to notice and an opportunity to be heard, both key requirements of due process. Moreover administrative review by the courts consisted only of a review of the administrative record before the Board which would not contain any response from the applicant. The new rule requires both notice to the applicant and an opportunity to be heard. Thus, the precise complaints he made in his original Complaint, which this Court declined to dismiss, have been resolved in his favor. However, plaintiff in his Amended Complaint in Count II raises a new objection: the low burden of proof which constitutes a facial claim of unconstitutionality. He contends that the constitution

- 4 -

requires that applications can only be denied if the Board finds reasons by a clear and convincing standard rather than by a mere preponderance of the evidence. The evidence shows that the Board denied Plaintiff a license under a preponderance of the evidence standard so that this issue is not moot. Thus, the Court declines to dismiss the case for lack of jurisdiction due to mootness. *Illinois Tool Works, Inc. v. Marshall,* 601 F.2d 943, 947 (7th Cir. 1979) (administrative changes that remedy some but not all of the plaintiff's complaints does not moot the case.)

**B. Count I – Notice and Opportunity to be Heard**

However, Count I is subject to be dismissed as moot. The Court previously denied the Motion to Dismiss this Count because the rules under which the Board operated did not give adequate notice to an applicant when an objection to licensure was made and did not give the applicant an opportunity to be heard in response to the objection. The Board, since the Court ruled, has remedied these shortcomings by providing notice and an opportunity to be heard. Thus, Plaintiff's objections have been remedied so that this issue is moot. *Burbank v. Twomey,* 520 F.2d 744.

Plaintiff cites two cases currently pending before the board on remand from the Circuit Court of Cook County due to the

Board having made insufficient factual findings in an attempt to show that the Board still operates under a *de facto* unconstitutional procedure despite the *de jure* ones mandated by the rules amendments. However, this contention appears to be a due process claim that challenges the "random and unauthorized" actions of the Board. Plaintiff charges the Board with ignoring the clear mandate of the current rules governing licensure applications. Thus, he is not complaining about the rules themselves, but that the Board fails to follow the rules, *i.e.,* acting in a random and unauthorized manner. *Veterans Legal Defense Fund v. Schwartz,* 330 F.3d 937, 939-40 (7th Cir. 2003). This type of claim can be satisfied by an adequate post-deprivation remedy, such as administrative review in the state Circuit Court. In fact, as Plaintiff admits, in the two cases he cites, the Circuit Court remanded the case to the Board for it to make more adequate findings. Thus, at least in the two cases cited by Plaintiff, the post-deprivation remedy seems to be adequate.

Plaintiff further cites several cases in which "voluntary cessation" was deemed inadequate to moot a claim. However, the Seventh Circuit has stated that the "voluntary cessation" argument applies with considerable less force when applied to government officials, particularly, as here, where the change

has been made by official rulemaking. *Federation of Advertising v. City of Chicago,* 326 F.3d 924, 929-30 (7th Cir. 2003). Moreover, this claim is arguably not ripe because Plaintiff has not applied for licensure under the amended rules. Thus he is in a similar position as was the plaintiff in *Hinrichs v. Whitburn,* 975 F.2d 1329, 1333 (7th Cir. 1992). In that case a plaintiff's claim was not considered ripe because her refusal to participate in a state program did not allow the state officials any flexibility in applying the program to her. Therefore, the court grants the Motion to Dismiss Count I.

### C. Count II - The Standard of Proof

The statute provides for the Board to recommend denial of a license if it finds by a "preponderance of the evidence" that the applicant is a danger or threat to himself or the public. 430 ILCS 66/20(g). Plaintiff contends that this provision makes the Act unconstitutional on its face. He claims that since the right to bear arms is a fundamental constitutional right (*District of Columbia v. Heller,* 554 U.S. 570, 592 (2008)), and therefore a deprivation of that right requires clear and convincing evidence. The Defendants contend in response that under the *Mathews v. Eldrige,* 424 U.S. 319, 332 (1956) framework, the preponderance of evidence rule is adequate.

As the Supreme Court noted in *Sandosky v. Kramer,* 455 U.S. 745, 756-57 (1982), the minimum requirements of procedural due process is a matter of federal law, and the state does not have the right to specify some lesser requirement and the degree of proof required is left to the judiciary to resolve, using the *Mathews v. Eldrige* examination of three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of the interest created by the state's chosen procedure; and (3) the countervailing governmental interest. Here the private interest is the Plaintiff's right to carry a concealed weapon and the countervailing governmental interest is the protection of the public. Obviously, the risk of an erroneous deprivation to the Plaintiff is greater under the preponderance of the evidence rule. Also it is obvious that the risk of an erroneous deprivation of the state's interest in protecting its citizens from injuries or death due to concealed weapons in the hands of, say, the mentally ill, would be greater under the "clear and convincing" standard. It is clear that the public interest is at least as important as Plaintiff's interest in being able to protect himself from criminal elements. So the near balancing to the risk of error seems best to be recognized by a near balancing of the risk of error. Remember even under the preponderance standard, a tie goes to the plaintiff-

applicant, so that the risk of error still favors the Plaintiff over the state. The preponderance of the evidence obtained meets constitutional muster. The Court dismisses Count II.

**D. Count III – Failure to Issue an Adequately Reasoned Decision**

Plaintiff's Complaint here is that the Board, when it denied his application, did not detail the reasons for denial other than a cursory, unelaborated recitation of the statutory standard. He cites an Illinois Appellate Court decision that held that while administrative findings need not be extraordinarily detailed, they "must be specific enough to permit an intelligent review of [the agency's] decision." *Lucie B. V. Department of Human Services,* 966 N.E.2d 1005, 1011 (2nd Dist. 2012). However, this claim of violation of due process is foreclosed by the same "random and unauthorized" argument described earlier in this opinion. The Illinois Administrative Review Act provides for a post remedy procedure of a complete appellate review on the Circuit and Appellate level with the power to remand a case to the administrative body due to the failure to satisfy the Illinois Administrative Procedure Act factual findings requirement, 5 ILCS 100/10-50(a). That is exactly what the Appellate Court did in *Lucie B.* It vacated the the administrative decision of the State Department of Human Resources and remanded the case to the Department for further

review, evaluation, findings, and a decision consistent with its opinion. This is what Plaintiff could have done: sought administrative review and a remand for more detailed findings, which is clearly an adequate post deprivation remedy. There is obviously no due process violation based on this claim. Count III is dismissed.

**E. Count IV – Redundancy and Unconstitutional Burden**

Plaintiff's argument here is that the state agency already has the power to revoke a FOID card where an individual presents a "clear and present danger." Therefore providing a separate procedure to obtain a concealed carry license is redundant. However, the Illinois General Assembly has determined that it is advisable to have separate procedures, one for gun ownership in general, and a separate procedure in order to be allowed to carry a concealed weapon. Moreover it was pushed into making this determination by the Seventh Circuit Court of Appeals in *Moore v. Madigan,* 702 F.3d 933 (2012), in which that court held the then existing Illinois law forbidding Illinois citizens to carry in public guns that are ready to use was a violation of the Second Amendment. However, the court said that the state could "impose reasonable limitations consistent with the public safety and the Second Amendment," on the right to bear arms in public. That is what Illinois has sought to do in the concealed

carry licensure act. Since the two acts have completely different purposes: FOID, to regulate gun ownership in general, and Concealed Carry, to regulate possession of guns in public, it cannot be said that the two acts are redundant. The Motion to Dismiss Count IV is granted.

### F. Count V - Board Bias

Plaintiff alleges that by design the Board is "very substantially biased in favor of upholding law enforcement objections" through the statutory criteria for board membership. 430 ILCS 66/20(a). The basis of this charge is that the statute mandates that two of the Board members must have at least 5 years' experience with the United States Department of Justice, and that three of the Board members must have at least 5 years' federal employment or investigative experience with United States law enforcement agencies. However, bias on the part of a decisionmaker is constitutionally infirm only when the probability of actual bias is very high. *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 872 (2009). This requires a determination depending on the specific facts as it relates to an individual adjudicator's bias, such as whether the adjudicator has a personal stake in the outcome of the proceeding. Plaintiff has cited no cases and the Court has found none in which an adjudicator is disqualified solely based

on his professional experience. Accordingly, the Motion to Dismiss Count V is granted.

### III. CONCLUSION

For the reasons stated herein, the Defendants' Motion to Dismiss is granted. Counts I, II, III, IV, and V are dismissed.

**IT IS SO ORDERED.**

---
Harry D. Leinenweber, Judge
United States District Court

Dated: June 19, 2015